UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANDREW MCKEVITZ, <br><br> *Plaintiff,* <br><br> v. <br><br> PALMER ADMINISTRATIVE SERVICES, INC., <br><br> *Defendant.* | Civil Action No: _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Andrew McKevitz ("Plaintiff"), through his attorneys, alleges the following against Palmer Administrative Services, Inc. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227, *et seq.* and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here and is registered with the Tennessee Secretary of State; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Alcoa, Blount County, Tennessee.

7. Defendant is a foreign corporation duly authorized to do business in the state of Tennessee and is an administrator of automobile insurance policies and warranties with its principal place of business located in New Jersey. Defendant can be served with process at Resident Agents Inc., 5810 Shelby Oaks Drive, Suite B, Memphis, TN 38134.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around April of 2015, Defendant began placing calls to Plaintiff's cellular phone, phone number ending in 5310, in an attempt to market automobile insurance coverage and/or warranties.

10. Plaintiff had no prior or existing relationship with Defendant.

11. Plaintiff did not, at any time, give consent to Defendant to make the subject calls.

12. The calls placed by Defendant originated from various telephone numbers.

13. On or about April 16, 2015, Plaintiff answered a call from Defendant. Plaintiff heard a pause before the automated message began, indicating the use of an automated telephone dialing system.

14. Plaintiff repeatedly tried to obtain contact information as well as legal department

information from Defendant in order to stop the harassing phone calls.

15. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

16. On or about November 4, 2016, Plaintiff answered a call from Defendant from telephone number (313) 349-4866. Plaintiff heard a pause before the agent began to speak, indicating the use of an automated telephone dialing system.

17. Plaintiff spoke with Defendant's representative and requested information from Defendant, but Defendant refused to answer Plaintiff's questions and disconnected the call.

18. Defendant continued to call Plaintiff.

19. Between April 16, 2015 and April 15, 2019, Defendant called Plaintiff no less than one hundred and forty-nine (149) times.

20. Defendant regularly called Plaintiff multiple times each month.

21. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

22. Plaintiff is a pilot for a commercial airline who oversees the transportation and safety of hundreds of people on any given flight.

23. Defendant placed many of the subject calls while Plaintiff was in the planning stages of various flights.

24. The calls placed by Defendant were a constant distraction, resulting in stress, anxiety, and sleepless nights.

25. Because of his position and career, except while in flight, Plaintiff always has his cellular phone on and in his possession.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant's Violations of the TCPA, 47 U.S.C. § 227**

27. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to, the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227(b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**Defendant's Invasion of Privacy
(Intrusion upon Seclusion)**

30. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

31. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to market automobile insurance policies and/or warranties despite Plaintiff never giving consent to Defendant to make the subject calls.

b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to purchase automobile insurance policies and/or warranties.

32. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If Defendant's conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrew McKevitz respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

# **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted, this the 22nd day of January 2020.

*s/ Brent S. Snyder*
Brent S. Snyder
2125 Middlebrook Pike
Knoxville, TN 37921
T: 865.264.3328
E: brentsnyder77@gmail.com

Brian K. Herrington (to apply *pro hac vice*)
Schlanger Law Group LLP
200 North Congress Street, Suite 117
Jackson, MS 39201
T: 601.566.1538
F: 646.612.7996
E: bherrington@consumerprotection.net